



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 DEC 10  PM 4: 44

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**CHRISTOPHER DORSEY**

**VERSUS**

**MONEY MACK MUSIC, INC., CASH MONEY RECORDS, INC., CASH MONEY PRODUCTIONS, INC., RONALD WILLIAMS, BRYAN WILLIAMS AND MICHELLE DIAZ**

**CIVIL ACTION NO. 03 CV 02022**

**SECTION K**

**JUDGE STANWOOD R. DUVAL, JR.**

**MAGISTRATE JUDGE SALLY SHUSHAN**

**MOTION OF MONEY MACK MUSIC, INC., CASH MONEY RECORDS, INC., CASH MONEY PRODUCTIONS, INC., RONALD WILLIAMS, BRYAN WILLIAMS, MICHELLE DIAZ, BIG MONEY MANAGEMENT, INC., MILLIONAIRE TOUR COMPANY, INC., MILLIONAIRE TOUR COMPANY, LLC, MILLIONAIRE MERCHANDISE LLC, DIAMOND ENTERTAINMENT LLC AND TRUE TO THE GAME FILMS LLC FOR THE COURT TO HEAR ORAL ARGUMENT IN CONNECTION WITH THEIR MOTION FOR THE COURT GRANT A NEW TRIAL CONCERNING THE COURT'S JUDGMENT, ENTERED DECEMBER 2, 2003, GRANTING CHRISTOPHER DORSEY'S MOTION FOR THE COURT TO REMAND THE CASE**

**MAY IT PLEASE THE COURT:**

NOW INTO COURT, through undersigned counsel, come Money Mack Music, Inc., Cash

Money Records, Inc. ("CMR"), Cash Money Productions, Inc., Ronald Williams, Bryan Williams,

Fee
Process
X Dktd.
CtRmDep.
Doc. No. 24

Michelle Diaz, Big Money Management, Inc., Millionaire Tour Company, Inc., Millionaire Tour

Company, LLC, Millionaire Merchandise LLC, Diamond Entertainment LLC and True to the Game

Films LLC (collectively, the "Defendants") to move the Court hear oral argument in connection with

the Defendants' motion for the Court to grant a new trial concerning the Court's judgment, entered

on December 2, 2003, granting the motion of Christopher Dorsey for the Court to remand his petition

(for accounting, preliminary and permanent injunction and damages) to the Civil District Court for

the Parish of Orleans.  The Defendants submit that oral argument will assist the Court in fully

evaluating the legal issues in this matter and urge the Court to grant the Defendants with the relief

that they seek.

WHEREFORE, the Defendants urge the Court to grant this motion and to allow the parties

to present oral argument in connection with the Defendants' motion for the Court to grant a new trial

concerning the Court's judgment, entered  December 2, 2003.

Respectfully submitted,

**PHELPS DUNBAR, L.L.P.**

By:

Bruce V. Schewe, T.A. (Bar No. 11771)
J. Michael Monahan, II (Bar No. 25799)
Canal Place • Suite 2000
365 Canal Street
New Orleans, LA  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130

**ATTORNEYS FOR MONEY MACK MUSIC, INC., CASH MONEY RECORDS, INC., CASH MONEY PRODUCTIONS, INC., RONALD WILLIAMS, BRYAN WILLIAMS, MICHELLE DIAZ, BIG MONEY MANAGEMENT, INC., MILLIONAIRE TOUR COMPANY, INC., MILLIONAIRE TOUR COMPANY, LLC,**

**MILLIONAIRE MERCHANDISE LLC, DIAMOND ENTERTAINMENT LLC AND TRUE TO THE GAME FILMS LLC**

## CERTIFICATE OF SERVICE

I certify that on this 10th day of December, 2003, I served by facsimile and United States first class mail, first class postage prepaid, a copy of the foregoing on the counsel for Christopher Dorsey:

> Donald F. de Boisblanc,
> Donald F. de Boisblanc, Jr.,
> J. Rand Smith, Jr.,
> 401 S. Rampart Street,
> New Orleans, LA 70112.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER DORSEY** | **CIVIL ACTION NO. 03 CV 02022** |
| **VERSUS** | **SECTION K** |
| **MONEY MACK MUSIC, INC., CASH MONEY RECORDS, INC., CASH MONEY PRODUCTIONS, INC., RONALD WILLIAMS, BRYAN WILLIAMS AND MICHELLE DIAZ** | **JUDGE STANWOOD R. DUVAL, JR.** **MAGISTRATE JUDGE SALLY SHUSHAN** |

**MOTION OF MONEYMACK MUSIC, INC., CASH MONEYRECORDS, INC., CASH MONEY PRODUCTIONS, INC., RONALD WILLIAMS, BRYAN WILLIAMS, MICHELLE DIAZ, BIG MONEY MANAGEMENT, INC., MILLIONAIRE TOUR COMPANY, INC.,MILLIONAIRE TOUR COMPANY, LLC, MILLIONAIRE MERCHANDISE LLC, DIAMOND ENTERTAINMENT LLC AND TRUE TO THE GAME FILMS LLC FOR THE COURT GRANT THEM A NEW TRIAL CONCERNING THE COURT'S JUDGMENT, ENTERED DECEMBER 2, 2003, GRANTING CHRISTOPHER DORSEY'S MOTION FOR THE COURT TO REMAND THE CASE**

NOW INTO COURT, through undersigned counsel, come Money Mack Music, Inc., Cash

Money Records, Inc. ("CMR"), Cash Money Productions, Inc., Ronald Williams, Bryan Williams,

Michelle Diaz, Big Money Management, Inc., Millionaire Tour Company, Inc., Millionaire Tour

Company, LLC, Millionaire Merchandise LLC, Diamond Entertainment LLC and True to the Game

Films LLC (collectively, the "Defendants") to move the Court to grant a new trial concerning the

Court's judgment, entered on December 2, 2003, granting the motion of Christopher Dorsey for the

Court to remand his petition (for accounting, preliminary and permanent injunction and damages)

to the Civil District Court for the Parish of Orleans. The Defendants attach a memorandum that sets

forth the reasons why the Court should grant the Defendants with the relief that they seek and retain

jurisdiction over this case.

WHEREFORE, the Defendants urge the Court to grant this motion, to reverse the Court's

judgment, dated December 1, 2003, and to retain jurisdiction over this case.

Respectfully submitted,

**PHELPS DUNBAR, L.L.P.**

By: _____

Bruce V. Schewe, T.A. (Bar No. 11771)
J. Michael Monahan, II (Bar No. 25799)
Canal Place • Suite 2000
365 Canal Street
New Orleans, LA  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130

**ATTORNEYS FOR MONEY MACK MUSIC, INC., CASH MONEY RECORDS, INC., CASH MONEY PRODUCTIONS, INC., RONALD WILLIAMS, BRYAN WILLIAMS, MICHELLE DIAZ, BIG MONEY MANAGEMENT, INC., MILLIONAIRE TOUR COMPANY, INC., MILLIONAIRE TOUR COMPANY, LLC, MILLIONAIRE MERCHANDISE LLC, DIAMOND ENTERTAINMENT LLC AND TRUE TO THE GAME FILMS LLC**

## CERTIFICATE OF SERVICE

I certify that on this _10th_ day of December, 2003, I served by facsimile and United States

first class mail, first class postage prepaid, a copy of the foregoing on the counsel for Christopher

Dorsey:

> Donald F. de Boisblanc,
> Donald F. de Boisblanc, Jr.,
> J. Rand Smith, Jr.,
> 401 S. Rampart Street,
> New Orleans, LA  70112.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER DORSEY** | **CIVIL ACTION NO. 2:03-CV 02022** |
| **VERSUS** | **SECTION K** |
| **MONEY MACK MUSIC, INC., CASH MONEY RECORDS, INC., CASH MONEY PRODUCTIONS, INC., RONALD WILLIAMS, BRYAN WILLIAMS AND MICHELLE DIAZ** | **JUDGE STANWOOD R. DUVAL, JR.**<br><br>**MAGISTRATE JUDGE SALLY SHUSHAN** |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that Money Mack Music, Inc., Cash Money Records, Inc., Cash Money Productions, Inc., Ronald Williams, Bryan Williams, Michelle Diaz, Big Money Management, Inc., Millionaire Tour Company, Inc., Millionaire Tour Company, LLC, Millionaire Merchandise LLC, Diamond Entertainment LLC and True to the Game Films LLC (collectively, the "Defendants"), on Wednesday, January 7, 2004, at 9:30 a.m. or at such other date and time that the Court deems convenient, will bring before the Court their motion for the Court to grant a new trial concerning the Court's order, entered on December 2, 2003, remanding this case to the Civil District Court for the Parish of Orleans.

NO:99418390.1

Respectfully submitted,

**PHELPS DUNBAR, L.L.P.**

By: _____

Bruce V. Schewe, T.A. (Bar No. 11771)
J. Michael Monahan, II (Bar No. 25799)
Canal Place • Suite 2000
365 Canal Street
New Orleans, LA  70130-6534
Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130

**ATTORNEYS FOR MONEY MACK MUSIC, INC., CASH MONEY RECORDS, INC., CASH MONEY PRODUCTIONS, INC., RONALD WILLIAMS, BRYAN WILLIAMS, MICHELLE DIAZ, BIG MONEY MANAGEMENT, INC., MILLIONAIRE TOUR COMPANY, INC., MILLIONAIRE TOUR COMPANY, LLC, MILLIONAIRE MERCHANDISE LLC, DIAMOND ENTERTAINMENT LLC AND TRUE TO THE GAME FILMS LLC.**

NO 99418390.1

2

## CERTIFICATE OF SERVICE

I certify that on this _10th_ day of December, 2003, I served by facsimile and United States

first class mail, first class postage prepaid, a copy of the foregoing on the counsel for Christopher

Dorsey:

> Donald F. de Boisblanc,
> Donald F. de Boisblanc, Jr.,
> J. Rand Smith, Jr.,
> 401 S. Rampart Street,
> New Orleans, LA  70112

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER DORSEY** | **CIVIL ACTION NO. 03 CV 02022** |
| **VERSUS** | **SECTION K** |
| **MONEY MACK MUSIC, INC., CASH MONEY RECORDS, INC., CASH MONEY PRODUCTIONS, INC., RONALD WILLIAMS, BRYAN WILLIAMS AND MICHELLE DIAZ** | **JUDGE STANWOOD R. DUVAL, JR.** <br><br> **MAGISTRATE JUDGE SALLY SHUSHAN** |

**MEMORANDUM IN SUPPORT OF THE MOTION OF MONEY MACK MUSIC, INC., CASH MONEYRECORDS, INC., CASH MONEY PRODUCTIONS, INC., RONALD WILLIAMS, BRYAN WILLIAMS, MICHELLE DIAZ, BIG MONEY MANAGEMENT, INC., MILLIONAIRE TOUR COMPANY, INC., MILLIONAIRE TOUR COMPANY, LLC, MILLIONAIRE MERCHANDISE LLC, DIAMOND ENTERTAINMENT LLC AND TRUE TO THE GAME FILMS LLC FOR THE COURT GRANT THEM A NEW TRIAL CONCERNING THE COURT'S JUDGMENT, ENTERED DECEMBER 2, 2003, GRANTING CHRISTOPHER DORSEY'S MOTION FOR THE COURT TO REMAND THE CASE**

**MAY IT PLEASE THE COURT:**

Money Mack Music, Inc., Cash Money Records, Inc. ("CMR"), Cash Money Productions,

Inc., Ronald Williams, Bryan Williams, Michelle Diaz, Big Money Management, Inc., Millionaire

Tour Company, Inc., Millionaire Tour Company, LLC, Millionaire Merchandise LLC, Diamond

Entertainment LLC and True to the Game Films LLC (collectively, the "Defendants") have moved the Court to grant a new trial concerning the Court's judgment, entered on December 2, 2003, granting the motion of Christopher Dorsey for the Court to remand his petition (for accounting, preliminary and permanent injunction and damages) (the "Complaint") to the Civil District Court for the Parish of Orleans. The Defendants set forth the reasons why the Court should grant the Defendants with the relief that they seek and retain jurisdiction over this case.

In short, the Court has exclusive subject matter jurisdiction over Mr. Dorsey's claims as well as supplemental jurisdiction over Mr. Dorsey's related state law claims (to the extent that Congress has not preempted them). 28 U.S.C. §§1367 &1441(c). The Court, as a matter of law, must retain jurisdiction of at least a portion of Mr. Dorsey's claims.

## I.  INTRODUCTION

Until late 2002, Mr. Dorsey was a recording artist for CMR. For several years Mr. Dorsey composed and recorded numerous musical compositions and sound recordings (the "Musical Works") for CMR as *works-made-for-hire*. As a matter of federal legislation and jurisprudence CMR owns the Musical Works. Moreover, the Copyright Laws of the United States, 17 U.S.C. §§ 101-1339, establish and protect CMR's ownership of the Musical Works.

As part of his allegations in the Complaint, Mr. Dorsey contends that Brian Williams and Ronald Williams orally promised to act on his behalf as his managers and/or agents and that they breached their duties to him and failed to remit funds that they collected on his behalf. Mr. Dorsey demands that a court award damages to him for those alleged transgressions.

Mr. Dorsey further urges a court to dissolve the agreements that he and CMR entered and to order CMR to make an accounting to him for all of the monies that it collected under the terms of

these agreements. Mr. Dorsey does not seek to enforce any contract with CMR (either in part or in the alternative). Mr. Dorsey simply demands a court to rescind his contracts with CMR. As a result, Mr. Dorsey urges a court to usurp CMR's authorship and ownership of the Musical Works and grant him the same relief that he would request/receive had he made claims for infringement under the Copyright Laws.

In its reasons for remanding this case, the Court states that Mr. Dorsey seeks to "void a music industry contract granting ownership of source of plaintiff's copyrighted written and recorded music to defendants." The Defendants submit that Mr. Dorsey seeks something far different from avoiding a contractual assignment of his copyrighted works. Mr. Dorsey demands that a court – the Civil District Court for the Parish of Orleans should this Court not retain jurisdiction – revoke CMR's status (under the work-for-hire doctrine per the Copyright Laws) of the Musical Works. The Congress, however, has vested in the courts of the United States exclusive jurisdiction to hear Mr. Dorsey's claims against CMR, not the Civil District Court for the Parish of Orleans (or any other state court).

In remanding this case, the Court notes that it does not believe that the Copyright Laws pre-empt Mr. Dorsey's claims for breach of fiduciary duty and breach of contract. Similarly, the Court says that the Copyright Laws do not bar Mr. Dorsey's demand for an injunction, prohibiting the defendants from "misappropriating" Mr. Dorsey's likeness. *But c.f. Dastar v. 20th Cent. Fox Film, Corp.* ___ U.S. ___, 123 S. Ct. 2041, 2048 (2003) (prohibiting similar false affiliation claims under the Lanham Act as conflicting with constitutional limits to the Copyright Laws). But Mr. Dorsey's ancillary claims do not permit Mr. Dorsey to seek in a state court the relief that he seeks against CMR.

Defendants ask the Court to reconsider its view of the relevance of Mr. Dorsey's ancillary claims to CMR's entitlement to litigate with Mr. Dorsey in the Eastern District. Mr. Dorsey seeks the following from CMR: (i) money that CMR obtained as *the author and the owner* of Musical Works (because Mr. Dorsey asks a court to declare him the sole owner of those works); (ii) money that CMR received from Universal Music Group ("Universal") in connection with its distribution of Musical Works that CMR, *authored and owns*; (iii) damages for CMR's "conversion of funds" solely because Mr. Dorsey challenges CMR's *authorship and ownership* – protected by the Copyright Laws – of the Musical Works; and (iv) a declaration that Mr. Dorsey -- and not CMR -- owns the Musical Works ("*all songs that Mr. Dorsey wrote or recorded from 1992 to the present*"). Mr. Dorsey's amended complaint ¶ 41 (emphasis added).

In remanding Mr. Dorsey's claims against CMR to the Civil District Court for the Parish of Orleans, the Court directed the state court to adjudicate subjects that the Congress put exclusively within the jurisdiction of the Courts of the United States. *See* 28 U.S.C. § 1338; 12 U.S.C. § 301. CMR's rights as the author and the owner of the Musical Works are in peril and CMR cannot appeal the Court's order of remand. CMR's recourse to protect its authorship and ownership of Musical Works is to file a complaint in the United States District Court for the Eastern District of Louisiana and request this Court to enjoin Mr. Dorsey from continuing his claims against CMR in the sate court. The Court may streamline this matter by reversing its order of remand. The Defendants request the Court to retain jurisdiction of all of Mr. Dorsey's claims. Mr. Dorsey's claims against CMR supply the Court with subject matter jurisdiction (federal question under the Copyright Laws). The Court has supplemental subject matter jurisdiction over Mr. Dorsey's other claims against the remaining defendants. 28 U.S. C. § 1367. Should the Court wish to remand to the Civil District

Court for the Parish of Orleans, Mr. Dorsey's claims against the defendants other than CMR, the Court must retain jurisdiction of Mr. Dorsey's demands against CMR. CMR will have to seek declaratory judgments through a new federal suit and request an injunction against the state court to correct this situation. Conversely, apart from delay, should this Court not have jurisdiction, Mr. Dorsey may seek relief through an appeal authorized by this Court under 28 U.S.C. § 1292(b).

## II.   LAW AND ARGUMENT

### A.   *The Standard for the Court to Consider a Motion for a New Trial*

Rule 59(a)(1) of the Federal Rules of Civil Procedure provides that "[a] new trial may be granted ... for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." A motion for a new trial in a non-jury case has its foundation in manifest error of law or mistake of fact. *E.g., In re TT Boat Corp.*, 2000 WL 222848 *1 (E.D. La. 2000). The Defendants show that, in granting Mr. Dorsey's motion to remand, the Court made errors of law and fact. The Court did not consider certain important legal issues and that the Copyright Laws as well the federal jurisprudence require the Court to retain jurisdiction. Moreover, the state court cannot, on remand, address these issues of ownership and authorship that logically precede the Court's ultimate finding of no federal question jurisdiction. *In re Benjamin Moore & Co.*, 318 F.3d 626, 631 (5th Cir. 2002); *see also* 28 U.S.C. § 1338. Thus, CMR implores the Court to reconsider its remand order for the reasons that it states.

### B.   *The Copyright Laws Govern Mr. Dorsey's Claims Against CMR*

Although Mr. Dorsey makes cloudy and illogical efforts to couch his allegations under various state law theories, in paragraph 41 of his supplemental and amended complaint Mr. Dorsey plainly seeks:

> *a declaratory judgment finding [Mr. Dorsey] to be the sole owner of all songs written and all materials recorded by [Mr. Dorsey] from 1992 through the present* and (to the extent that [Mr. Dorsey] worked with a group [Mr. Dorsey] desires to be declared co-owner in the portion provided by law with due respect to the rights of other group members).

(Emphasis added.)  Based on his contention that his recording and songwriting agreements with CMR are null, Mr. Dorsey demands a judicial declaration *that he owns all of the Musical Works* that flow from the recording and songwriting agreements.  Complaint at ¶ 35.  Significantly, Mr. Dorsey requests a court to declare that he is the *author* of the Musical Works, taking from CMR the authorship and the ownership of the Musical Works that the Copyright Laws establish and protect for CMR.  Mr. Dorsey urges a court to provide him the relief that Section 106 of the Copyright Laws grants a person that succeeds in wresting from another the authorship and the ownership of copyrighted property.  Accordingly, Section 301[1] of the Copyright Laws control Mr. Dorsey's claims, pre-empting Mr. Dorsey's claims against CMR under the law of Louisiana.

In granting Mr. Dorsey's motion to remand, the Court has directed the Civil District Court for the Parish of Orleans to determine and decree the authorship and the ownership of the Musical Works.  No state court, however, can exercise this exclusively federal prerogative.

The Supreme Court recently confirmed that a litigant properly removes to federal court a state claim when Congress has so provided or when the federal law completely pre-empts a state law cause of action.  *Beneficial Nat'l Bank v. Anderson*, __ U.S. __, 123 S. Ct. 2058, 2063 (2003).  The

---

[1] "[a]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, *are governed exclusively by this title.* Thereafter, *no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.*"  17 U.S.C. § 301(a) (emphasis added).

federal law pre-empts state law claim when that claim, however pleaded, is in reality based on federal law. A defendant property removes under 28 U.S.C. §1441(b).

Without question, the Congress has forbidden the courts of the states from probing the ownership of works protected by the Copyright Laws. 17 U.S.C. § 301. The "preemptive force of § 301 transforms a state law complaint asserting preempted claims *into a complaint stating a federal claim, i.e.*, there is complete preemption by § 301, *making removal of such claims to federal court proper*." *Aldridge v. The Gap, Inc.*, 866 F. Supp. 312, 314 (N.D. Tex. 1994) (emphasis added). Because the courts "recast" the state claims as "federal claims, state law claims that are held to be completely preempted give rise to 'federal question' jurisdiction and thus may provide a basis for removal." *McClelland v. Gronwaldt*, 155 F.3d 507, 512 (5th Cir. 1998). *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 925 (1998).

The Copyright Laws provide protection to musical works and sound recordings. 17 U.S.C. § 102. A copyright owner -- in this case CMR -- has the exclusive rights to do (among other things) the following: to reproduce a copyrighted work; to prepare derivative works; and to distribute copies of the copyrighted work by sale or other transfer of ownership. 17 U.S.C. §§ 106 & 1121. When Mr. Dorsey asks a court to declare him the owner of the Musical Works, he asserts a demand that the Copyright Laws -- and only the Copyright Laws -- govern. 17 U.S.C. § 301. *Goodman v. Lee*, 815 F.2d 1030, 1032 (5th Cir. 1987). This is especially true with regard to the songs of the Musical Works that CMR authored under the work-for-hire doctrine because that federal doctrine determines the *authorship* of a work. 17 U.S.C. § 201.

The Intellectual Property clause of the United States Constitution directs the Congress to secure "for limited times to *authors* . . . the Exclusive Right to their . . . writings." U.S. Const. Art.

1 § 8, cl. 8 (emphasis added). The work-for-hire doctrine establishes CMR as the author of Musical Works. 17 U.S.C. § 201. No state court has the power to review, let alone alter, the CMR's rights under the Constitution and the Copyright Laws.

Mr. Dorsey cannot assert in the Civil District Court for the Parish of Orleans claims for CMR to make an accounting for its uses of the Musical Works, for "fair share" payments, for conversion of "funds" (flowing from CMR's use of the Musical Works) and/or for a judicial declaration of ownership of the Musical Works. This Court has the exclusive subject matter jurisdiction of Mr. Dorsey's claims against CMR. The Court should retain jurisdiction of the case.

The Court's order of remand wrongly suggests that the Musical Works are Mr. Dorsey's property. The Musical Works -- the core of the dispute -- are *not* Mr. Dorsey's property. The Copyright Laws establish and protect CMR's rights as the author and the owner of the Musical Works. 17 U.S.C. § 201. Federal law – and only federal law – governs the issues surrounding CMR's authorship and ownership of the Musical Works under the work-for-hire doctrine. The Copyright Laws and the *federal common law of agency* (not state law) establish and protect CMR's authorship and ownership of the Musical Works. In *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 740, 109 S. Ct. 2166, 2173 (1989), the Supreme Court confirmed that the federal common law of agency is the governing law for the federal courts deciding cases involving the work-for-hire doctrine. The Supreme Court rejected state law as the rule of decision to further the Copyright Laws' "express objective of pre-empting state statutory and common-law copyright regulation." *Id.*

Thus, Mr. Dorsey's claim for CMR to make an accounting does not flow from his supposed state law demand. His claim for CMR to make an accounting rises and falls on the federal court's

resolution of the authorship and the ownership of the Musical Works *under the Copyright Laws*, with limited (or no) reference to state law. The important step of determining the authorship and the ownership of the Musical Works *can only occur in federal court*.

CMR and the other defendants were entitled to remove Mr. Dorsey's claims. Mr. Dorsey seeks a remedy that the Copyright Laws -- and only the Copyright Laws -- control. As a consequence, regardless of how he "words" his claims, Mr. Dorsey pleads facts that show that the Copyright Laws underpin his demands. *E.g., Smith v. Weinstein*, 578 F. Supp. 1297, 1307 (S.D.N.Y. 1984) ("[T]o the extent plaintiff rests his contract claim not on breach of the terms of the contract but on [defendant's] having copied his property . . . it is of course pre-empted. Plaintiff cannot merely rephrase the same claim citing contract law and thereby obtain relief equivalent to that which he has failed to obtain under copyright law.") Mr. Dorsey's allegations vest the Court with subject matter jurisdiction. 28 U.S.C. § 1338.

## C. *Mr. Dorsey's "State Law" Claims Do Not Deprive CMR of the Right to Litigate in the Courts of the United States*

Mr. Dorsey asserts that Bryan Williams and Ronald Williams owed and breached their duties to his agents.[2] That claim does not involve the Copyright Laws. Mr. Dorsey, however, did not have to join his state law demands against Bryan Williams and Ronald Williams with his claims under the Copyright Laws against CMR. By joining his demand against Bryan Williams and Ronald

---

[2] Also, if he had contended that Messrs. Williams received funds from third persons on his behalf that they did not remit, Mr. Dorsey would not have implicated CMR. But Mr. Dorsey seeks more than this. He does not (and cannot) assert that CMR or Bryan Williams or Ronald Williams managed any works that he owns or owned. CMR owns the Musical Works. CMR does not owe Mr. Dorsey any accounting for revenues from the Musical Works *except as copyright infringement relief/damages*. Similarly, the monies that CMR received from Universal -- that Mr. Dorsey claims a "fair share" -- flow from the Musical Works *that CMR owns as author under the Copyright Laws*. 17 U.S.C. § 201.

-9-

Williams with his claims against CMR, Mr. Dorsey, as a matter of law, deny CR's right to remove. With respect to Mr. Dorsey's claims other than against CMR, the Court may exercise supplemental jurisdiction or remand them to the state court. 28 U.S.C. § 1367.

The Defendants implore the Court to reconsider its inclusion of Mr. Dorsey's pre-empted claims against CMR as further "explanation of the damages that plaintiff intends to prove from the breach of contract" to overcome the "extra element" test. Mr. Dorsey's scatter-shot pleadings cannot hide that the Copyright Laws control his claims against CMR. The Court must not allow Mr. Dorsey's sloppiness to send to a state court issues that the Congress has decreed that the state court may not evaluate -- the status and the rights of authorship and ownership in and to the Musical Works (established and protected by the Copyright Laws).

Mr. Dorsey's breach of fiduciary duty claims are isolated from the copyright issues because they involve different parties. Mr. Dorsey contends that Bryan Williams and Ronald Williams -- not CMR -- acted as his agents. Even assuming Mr. Dorsey's charges to be true, Mr. Dorsey's dissatisfaction with Bryan Williams or Ronald Williams does not bear upon CMR's ownership of the Musical Works. Thus, in remanding, the Court should not have mixed Mr. Dorsey's demands against CMR with his claims of breach of fiduciary duty. Thus, resolution of the breach of fiduciary duty claim will not determine any "equitable remedy" related to the Musical Works as the Court states in remanding the case.

Likewise, Mr. Dorsey's "breach of contract claims" cannot deprive CMR of its entitlement to litigate in the Eastern District. Mr. Dorsey does not seek to enforce any contracts with CMR. Mr. Dorsey asks a court to recognize that Bryan Williams and Ronald Williams were his agent(s). Mr. Dorsey does *not* seek to remedy any "breach" by CMR of the songwriter's agreements or recording

agreements, relevant to the Musical Works that CMR owns. Instead Mr. Dorsey contends that his contracts with CMR, and requests CMR to make an accounting. Mr. Dorsey can obtain this only through an action for *copyright infringement*. Put another way, either CMR owes money to Mr. Dorsey under the agreements by which CMR owns the copyright to the Musical Works or Mr. Dorsey owns the Musical Works (and CMR had no right to use the Musical Works and is liable to Mr. Dorsey for infringement). Mr. Dorsey has not pled the former. And no state court can exercise subject matter jurisdiction over Mr. Dorsey's claim for the latter.

The authorities that the Court cites do not support its remand of the case. Each decision addresses the question whether the Copyright Laws pre-empt certain actions under the laws of the states -- for instance breach of contract or breach of fiduciary duty. CMR and the other defendants, however, do *not* contend that the Copyright Laws pre-empt Mr. Dorsey's claims regarding fiduciary duty and/or breach of contract. Instead, the Defendants properly removed the Complaint because Mr. Dorsey demands that a state court declare him *the owner and the author of the* Musical Works. Only the Courts of the United States may adjudicate that. 28 U.S.C. § 1338(a). In addition, Mr. Dorsey seeks from CMR damages and profits for distributing and licensing the Musical Works. That is exclusively with the Court's subject matter jurisdiction. *E.g., American Movie Classics Co. v. Turner Entertainment Co.*, 922 F. Supp. 926, 934-935 (S.D.N.Y. 1996) (breach of contract claim is pre-empted as merely based on allegations that defendant did something that Copyright Laws reserve exclusively to the plaintiff (like an authorized reproduction, performance, distribution, or display")). That again throws the case into the matrix of the Copyright Laws.

In its remand, the Court cites *Asunto v. Shoups*, 132 F. Supp. 2d 445 (E.D. La. 2000). In that suit, the parties argued over the royalties from a collection of live and studio recordings that the

NO:99416990.1                                    -11-

"Dukes of Dixieland" produced from 1946 until 1972. The parties, however, did *not* dispute the ownership of any of those sound recordings only whether the defendant had properly remitted royalties under certain contracts. Further, the plaintiff did not mention, let alone litigate, any question of authorship or right to assert authorship. The parties in *Asunto* fought strictly over the stream of revenue from a discrete collection of recorded music that the defendant managed. That case did *not* deal with the rights of authorship or the creation of derivative works.[3] Indeed, irrespective of the outcome of the case, *the copyright ownership would remain intact.* That is wholly different from what Mr. Dorsey seeks.

Similarly, the dispute in *Dead Kennedys v. Biafra*, 37 F. Supp. 2d 1151 (N.D. Cal. 1999), concerned streams of revenue from a discrete catalog of recorded music. The parties were the co-authors and the co-owners of the entire catalog. As a matter of law, the parties could *not* (and did not) assert any claims against one another under the Copyright Laws for infringement or otherwise. In contrast, Mr. Dorsey demands that the Court declare him the owner and author of the Musical Works. That demand requires the Court to invalidate CMR's rights that the Copyright Laws -- and only the Copyright Laws -- establish and protect. *Goodman*, 815 F.2d at 1032.

The Fifth Circuit uses a two- part test in reviewing preemption under Section 301(a) of the Copyright Laws. First, the claim must fall "within the subject matter of copyright." *Computer Management Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 404 (5th Cir.2000); *Daboub v. Gibbons*, 42 F.3d 285, 289 (5th Cir.1995). Second, the Court reviews the cause of action to

---

[3] Furthermore, the suit centered around a collection of music recorded before 1972. Until 1978 the Copyright Laws did *not* recognize sound recordings as protectable works of authorship independent from the musical compositions. Thus, the works at issue in *Asunto* (under the Musical Works) did not necessarily fall within the scope of the Copyright Laws.

determine whether the defendant seeks protection of rights that are "equivalent" to any of the exclusive rights of a federal copyright (as 17 U.S.C. § 106 provides). *Computer Management Assistance*, 220 F.3d at 404; *Daboub,* 42 F.3d at 289. Under the Fifth Circuit's standard, Mr. Dorsey's claims and demands plainly have their source in the Copyright Laws.

While he contends that his agreements with CMR (as well as the other Defendants) are null for a litany of reasons -- including his lack of capacity, alleged fraud, the doctrine of adhesion and "lack of consideration" -- in the same breath, Mr. Dorsey demands that CMR and/or the other defendants disgorge and turn over to him the money that CMR and/or the other defendants received from the Musical Works (that CMR authored *per express federal law)*. That is within the Court's exclusive subject matter jurisdiction. *E.g., Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1191-1195 (C.D. Cal. 2001) (plaintiff's claim of "breach of confidence" pre-empted as, in reality, quasi-contract claim for unauthorized use of copyrighted works). Thus, albeit as an analog to his claims for breach of contract, Mr. Dorsey seeks retroactive copyright ownership and corresponding copyright infringement damages cloaked in terms of "unjust enrichment.[4]" *Daboub v. Gibbons*, 42 F.3d 285, 290 and n. 8 (5th Cir. 1995) ("[I]f the language of the [copyright laws] could be so easily circumvented, the pre-emption provision would be useless, and the policies behind a uniform copyright statute would be silenced.")

Mr. Dorsey cannot use state law terminology to pursue a copyright claim. Mr. Dorsey essentially asserts that CMR made use of the Musical Works that he says he owns. The exclusion of unauthorized use is at the heart of the Copyright Laws. *E.g., Tannenbaum v. Corbis Sygma*, 2003

---

[4] In any event, the Copyright Laws generally preempt claims of unjust enrichment. *Asunto,* 132 F. Supp. 2d at 453. *See Nimmer on Copyright* § 1.01[B][1] at 1-38 (2000).

Copr. L. Dec. ¶ 28,539, 2002 WL 31778813 (S.D. N.Y. 2002). The courts of the states cannot hear those claims. *Id. See United States v. Board of Trustees of the Univ. of Alabama*, 104 .3d 1453, 1463 (4th Cir. 1997) (Section 301 of the Copyright Laws preempts state law claims of conversion); *Miller v. CP Chemicals, Inc.*, 808 F. Supp. 1238, 1246 (D.S.C. 1992) (claim against employer for breach of employment agreement pre-empted because the Copyright Laws address the situation concerning the ownership of copyrights between an employer and an employee).

Mr. Dorsey argues that CMR and the other defendants should not benefit from reproducing and distributing the Musical Works without compensating him or obtaining his permission. This claim is the archetypical relief that the Copyright Laws exclusively provide. *Netzer v. Continuity Graphic Associates, Inc.*, 963 F. Supp. 1308, 1322 (S.D.N.Y. 1997) (plaintiff's unjust enrichment and quasi-contract claims for an accounting from the defendants for their alleged unauthorized exploitation of co-authored works pre-empted by the Copyright Laws as "essentially identical" to plaintiff's remedy under the Copyright Laws); *Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (plaintiffs' misappropriation and quasi-contract/implied breach of implied promise claims pre-empted as equivalent to the protection provided by Section 106 of the Copyright Laws); *Arden v. Columbia Pictures Industries, Inc.*, 908 F. Supp. 1248, 1264 (S.D.N.Y. 1995) (plaintiffs' state law claims for unjust enrichment and an accounting by defendant pre-empted by the Copyright Laws because the claims were grounded on defendants unauthorized use for commercial gain and profit); *Henry v. National Geographic Society*, 147 F. Supp. 2d 16 (D. Mass. 2001) (plaintiff's state law claim for conversion alleging defendant used photographs without authorization pre-empted by the Copyright Laws).

If he were to make a proper pleading, that is what Mr. Dorsey would say in urging claims of copyright ownership or infringement. *See Daboub*, 42 F.3d at 289 (The Copyright Laws pre-empt a musical group's state law claims against another musical group for conversion, misappropriation, plagiarism, violation of a state antitrust statute, disparagement and defamation in connection with the defendant's copying the musical group's song because the musical group sought the same relief that it would seek in a copyright infringement claim.); *Del Madera Properties*, 820 F.2d at 977 (The Copyright Laws preempt a state law claim for unjust enrichment as "equivalent to the protection provided by section 106 of [the Copyright Laws]."); *Cassway v. Chelsea Historic Properties I, L.P.*, 1993 WL 64633 (E.D. Pa. 1993) (The Copyright Laws preempt a state law claim for unjust enrichment because copying drawings was the underlying element for both the copyright demand and a claim of unjust enrichment.); *Kunycia v. Melville Realty Co.*, 755 F. Supp. 566, 576-577 (S.D.N.Y. 1990) (same).

The remedies/damages that Mr. Dorsey seeks are identical to copyright infringement remedies -- namely, CMR's and/or the other defendants' profits from marketing and distributing CMR's Musical Works (that Mr. Dorsey says he owns). *Cf., Ehat v. Tanner*, 780 F.2d 876, 878-879 (10th Cir. 1985) (preemption when the award available under a state law claim "flows from the reproduction of the material rather than from its physical taking").

Mr. Dorsey contends that CMR and/or the other defendants profited from marketing and distributing the Musical Works that he wrote or recorded as works-made-for-hire on behalf of CMR. Mr. Dorsey demands that the state court declare his *ownership* of the Musical Works (because, according to him, the recording agreements and the songwriter's agreements are invalid). By trying

-15-

to upset the contracts that grant CMR rights that the Copyright Laws protect, Mr. Dorsey cannot "change" his demands to something other than claims under the Copyright Laws.

The recent decision in *Scandanavian Satellite System v. Prime T.V. Ltd.*, 291 F.3d 839 (D.C. Cir. 2002), illustrates that point. In that case, the Court reversed the district court's dismissal for lack of subject matter jurisdiction and held that the Copyright Laws pre-empted the claim for recission of the parties' joint venture agreements under state contract law. *Id.* Importantly, the Court stated that the need to determine the validity of the joint venture agreement between the parties before analyzing the copyright infringement issues did not eliminate the lower court's exclusive original jurisdiction under 28 U.S.C. § 1338. Accordingly, although the recission of a contract under state law was a threshold issue, under lying the infringement claim that was contingent on that recission fell within the exclusive jurisdiction of the federal courts.

## III.    CONCLUSION

For the reasons that they set forth, the Defendants urge the Court to re-evaluate and reverse the judgment that it entered on December 2, 2003, remanding the case. This Court has exclusive original jurisdiction over Mr. Dorsey's contention that he owns the Musical Works. This Court has exclusive jurisdiction over all of Mr. Dorsey's claims against CMR. In addition, the Court may exercise ancillary jurisdiction over Mr. Dorsey's other claims.

Respectfully submitted,

**PHELPS DUNBAR, L.L.P.**

By: _____

Bruce V. Schewe, T.A. (Bar No. 11771)
J. Michael Monahan, II (Bar No. 25799)
Canal Place • Suite 2000
365 Canal Street
New Orleans, LA  70130-6534

Telephone:  (504) 566-1311
Facsimile:  (504) 568-9130

**ATTORNEYS FOR MONEY MACK MUSIC, INC., CASH MONEY RECORDS, INC., CASH MONEY PRODUCTIONS, INC., RONALD WILLIAMS, BRYAN WILLIAMS, MICHELLE DIAZ, BIG MONEY MANAGEMENT, INC., MILLIONAIRE TOUR COMPANY, INC., MILLIONAIRE TOUR COMPANY, LLC, MILLIONAIRE MERCHANDISE LLC, DIAMOND ENTERTAINMENT LLC AND TRUE TO THE GAME FILMS LLC**

## CERTIFICATE OF SERVICE

I certify that on this ___10th___ day of December, 2003, I served by facsimile and United States first class mail, first class postage prepaid, a copy of the foregoing on the counsel for Christopher Dorsey:

Donald F. de Boisblanc,
Donald F. de Boisblanc, Jr.,
J. Rand Smith, Jr.,
401 S. Rampart Street,
New Orleans, LA  70112.